UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 21-57(4) (PAM/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Eskender M. Yousuf, | |
| Defendant. | |

This matter is before the Court on Defendant Eskender M. Yousuf's Motion for a judgment of acquittal on Counts 22 and 23 of the Superseding Indictment, which charged him with aggravated identity theft under 18 U.S.C. § 1028A. (Docket No. 471.) The Court granted Defendant's motion at the hearing, and explains its reasoning more fully below.

**BACKGROUND**

In the Superseding Indictment, the Government alleged that Yousuf used two patients' names, birthdays, and Blue Cross Blue Shield identification numbers to submit claims for mental health services that were never performed. (Docket No. 65.) Defendant moved to dismiss the aggravated identity theft charges before trial, arguing, in part, that his alleged conduct did not involve the "use" of a "means of identification of another person" as the statute required. (Docket No. 354 at 4.) The Court denied that motion, as well as Defendant's motion for a judgment of acquittal at the end of trial. (Docket No. 463 at 10.) The jury found Defendant guilty on all counts on October 31, 2022. (Docket No. 364.)

On June 8, 2023, the Supreme Court issued its unanimous opinion in Dubin v. United States, 599 U.S. 110 (2023).  The Dubin defendant inflated the cost of psychological testing and overbilled Medicaid.  The Supreme Court found that his conduct did not qualify as aggravated identity theft under 18 U.S.C. § 1028A, holding that the statute "is violated when the defendant's misuse of another person's means of identification is at the crux of what makes the underlying offense criminal, rather than merely an ancillary feature of a billing method."  Id. at 143.

**ANALYSIS**

Rule 29 allows the Court to set aside a guilty verdict if the evidence presented at trial is insufficient to sustain a conviction. Fed. R. Crim. P. 29(c)(2).  The Government opposes the motion, arguing that Dubin does not apply to Defendant's conduct, and that the Motion is untimely under Rule 29, regardless of Dubin's applicability.  Rule 29 requires a defendant to move for an acquittal "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c)(1).  The two-week window to bring a motion under Rule 29 has long since passed.  But preventing Defendant from raising this issue now elevates form over substance because the Court must consider an intervening change in the law when evaluating the appropriate sentence.

The sentencing hearing was the first opportunity to bring a motion regarding the effect of Dubin on Defendant's conviction.  Defendant argues that his conduct does not constitute aggravated identity theft post-Dubin because he merely "click[ed] on client names in the . . . system to enter progress notes," thus use of the client identities was ancillary to the underlying fraud. (Docket No. 469 at 9.)  The Government contends that

2

Dubin is factually distinguishable from the instant facts "[b]ecause the Dubin defendant merely inflated the qualifications of the provider of actual services to qualify for enhanced reimbursement—rather than created the claim out of whole cloth" as Defendant did. (Docket No. 468 at 13.)  The Court disagrees.

Dubin narrowed the scope of conduct that constitutes aggravated identity theft under 18 U.S.C. § 1028A, and Defendant's conduct no longer fits within that definition.  See Dubin, 599 U.S. at 117-32.  Defendant's conviction must therefore be vacated.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant Eskender M. Yousuf's Motion for Judgment of Acquittal is (Docket No. 471) is **GRANTED**.

Dated:  October 2, 2023                     *s/ Paul Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge